MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
50 West 14th Street, Suite 300
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
michael_donahoe@fd.org
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| UNITED STATES OF AMERICA, | Case No. 13-09-H-DLC |
|---|---|
| Plaintiff, | |
| vs. | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |
| WILLIAM FREDRICK SCHROEDER, | |
| Defendant. | |

## INTRODUCTION

Defendant has filed a motion for a bill of particulars (Doc. #16). This brief is

offered in support of that motion.

## LAW

An indictment must provide the defendant with a description of the charges against him sufficient to (1) enable him to prepare his defense; (2) ensure that he is being prosecuted on the basis of facts presented to the grand jury; (3) allow for a plea of double jeopardy against a later prosecution; and (4) inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. 749, 763, 768 n. 15, 771, 82 S.Ct. 1038, 1046, 1049, n. 15, 1051 (1962); *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), *cert. den.*, 429 U.S 1099, 97 S.Ct. 1118 (1977). To satisfy these requirements, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887 (1974); *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

The proper office of a bill of particulars "is to furnish the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at trial, and when necessary for those purposes, is to be granted even though it requires the furnishing of information which in other circumstances would not be required because evidentiary in nature, and an accused is entitled to this as of right." *United States v.*

*Smith*, 16 F.R.D. 372, 374-375 (Dist. Ct. W. Dist. Mo. 1954) (emphasis original).[1]

## ARGUMENT

As set forth in his motion defendant needs clarification of what interstate communication constitutes a violation of 18 U.S.C. § 2422(b). The statute specifically requires that the persuasion, enticement and/or coercion be accomplished by the mail or some other interstate facility. It is not enough that an interstate channel such as the internet or a cell phone was used at some point in time. Here the defense sees nothing in the discovery that qualifies as a § 2422(b) communication. Granted, sexting and pictures may have been exchanged between the defendant and the young lady but there is no internet and/or cell phone type communication wherein the defendant endeavors to persuade, coerce and/or entice the 13 year old into having sex with him. The statute intends to criminalize the express verbal acts of the defendant. Unexpressed intention simply won't do. Likewise, if defendant brought pressure to bear when he was in the actual physical presence of the young lady(face to face) those efforts at persuasion to have sex do not violate § 2422(b) because the critical element of the interstate channel is absent.

---

[1] The *Smith* decision is cited on the Advisory Committee Notes to Rule 7 as a "wise use of [the] discretion" afforded under the Rule. *See* Advisory Committee Notes under heading "1996 Amendments."

Federal Defenders of Montana
50 West 14th Street, Suite 300
Helena, Montana 59601
(406) 449-8381

3

## CONCLUSION

WHEREFORE, the government should be ordered to lodge a bill of particulars to specify exactly which interstate communication or communications arguably qualifies as a violation of 18 U.S.C. § 2422(b) in this case.

RESPECTFULLY SUBMITTED this 23rd day of May, 2013.

/s/ Michael Donahoe
MICHAEL DONAHOE
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 534 excluding tables and certificates)

DATED May 23, 2013.

 /s/ Michael Donahoe
MICHAEL DONAHOE
Federal Defenders of Montana

Federal Defenders of Montana
50 West 14th Street, Suite 300
Helena, Montana 59601
(406) 449-8381

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, a copy of the foregoing was served upon the following persons by the following means:

 1-2   CM/ECF
 ____  Hand Delivery
 3     Mail
 ____  Overnight Delivery Service
 ____  Fax
 ____  E-Mail

1. CLERK, U.S. DISTRICT COURT

2. JOSEPH E. THAGGARD
   United States Attorneys Office
   Assistant United States Attorney's office
   901 Front Street, Suite 110
   Helena, MT. 59626
   　　　Counsel for the United States of America

3. WILLIAM FREDRICK SCHROEDER
   　　　Defendant

　　　　　　　　　　　/s/ Michael Donahoe
　　　　　　　　　　　MICHAEL DONAHOE
　　　　　　　　　　　Federal Defenders of Montana
　　　　　　　　　　　　Counsel for Defendant