**OLE OLSON**
**Special Assistant U.S. Attorney**
**P.O. Box 201401**
**Helena, Montana 59620-1401**
**Phone: (406) 444-2026**
**FAX: (406) 444-3549**
**Email: oolson@mt.gov**

**JOSEPH E. THAGGARD**
**Assistant U.S. Attorney**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone: (406) 457-5120**
**FAX: (406) 457-5130**
**Email: joseph.thaggard@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 13-09-H-DLC** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |
| **WILLIAM FREDRICK SCHROEDER,** | |
| **Defendant.** | |

The United States of America, by and through Ole Olson, Special

Assistant U.S. Attorney for the District of Montana, hereby responds in opposition to the Defendant's motion for a bill of particulars on the basis that the indictment and discovery provided to the Defendant provides sufficient clarity to enable him to prepare for trial.

## PROCEDURAL HISTORY

On April 18, 2013, a grand jury returned an Indictment charging William Fredrick Schroeder (defendant) with one count of coercion and enticement, a felony, in violation of 18 U.S.C. 2422(b) (Count I), and one count of receipt of child pornography, a felony, in violation of 18 U.S.C. 2252(a)(2) and (b) (Count II). The Defendant's motion concerns Count I of the returned Indictment, which reads as follows:

> That on about a period between February 8, 2013 and February 13, 2013, in Lewis and Clark County, in the State and District of Montana, the Defendant WILLIAM FREDICK SCHROEDER, knowingly used a facility and means of interstate commerce, namely a cellular telephone, to persuade, induce, entice, coerce and attempt to persuade, induce, entice, and coerce a minor, namely "S," whose date of birth is X/XX/1999, to engage in a sexual activity for which the Defendant can be charged with a criminal offense under Mont. Code Ann. §§ 45-5-502 and 503, all in violation of 18 U.S.C. § 2242(b).

(Dkt. No. 1.)  The Defendant was arraigned before Magistrate Judge Keith Strong on April 25, 2013.  (Dkt. No. 3.)  The Defendant pled not guilty to both counts.  *Id.*

On April 29, 2013, the United States provided the Defendant with full discovery, including, among other items, a full investigative report, computer forensic reports, summaries of witness interviews, and the text message exchanges between the defendant and "S" as received from Verizon Wireless.   On May 23, 2013, the Defendant filed the Opposed Motion for Bill of Particulars and a Brief in Support to which the Government now responds.  Schroeder Mot. for Bill of Particulars (Dkt. No. 12.)

## FACTUAL BACKGROUND

The following facts are based on discovery the State has provided to the Defendant:  Just before 10 a.m., on February 13, 2013, T.S. called the Lewis and Clark County Sheriff's Office (LCSO) to report as missing her 13-year-old daughter, "S."  T.S. had last seen her daughter about an hour earlier when S told her mother she was "going out in the yard for a bit."  T.S. went outside to tell S it was time to go and S was nowhere to be found.  T.S. was able to make contact with S on her cell phone at

about 10 a.m.  Based on this conversation, T.S. called the LSCO again to tell them she now considered her daughter a runaway.  S returned home to her mother at approximately 3 p.m. on the same day.

T.S. immediately confronted her daughter about where she had been and who she had been with.  S eventually admitted that she had been with William Schroeder (Schroeder).   Schroeder is a 30-year-old male friend of T.S.'s family.  S stated that Schroeder had picked her up from the area of Tizer Drive (in Lewis and Clark County, MT) and took her to Shopko to buy clothes, Albertson's to buy breakfast and condoms and then to a hotel room at the Motel 6 where they had sexual intercourse.  S indicated to her mother that she had resisted the sexual intercourse.

T.S. called and reported these facts to the Helena Police Department (HPD).  HPD officers made contact with Schroeder at his residence in Helena, MT.  After being read his Miranda rights, Schroeder agreed to speak about his activities that day.  After telling several different stories, Schroeder eventually admitted to buying condoms at Albertson's and meeting a woman at Motel 6 to have sex earlier that day.  He refused to tell police the name of the woman,

however, and denied being with S that day. Police placed him under arrest and transported him to the Lewis and Clark County Detention Center. The officers seized two cell phones from Schroeder's person.

Helena Police Detective Shanks (Detective Shanks) conducted a second Mirandized interview with Schroeder. Schroeder admitted eventually that he had sexual intercourse with S at the Motel 6. He claimed, however, that he thought she was 17 years old. He claimed no force was used and that the encounter was consensual.

Detective Shanks noted that multiple people, including Schroeder, had indicated that Schroeder was familiar with the family and had known S for some time. S noted that she had babysat Schroeder's children. Schroeder's long-time girlfriend, Rebecca Hansen, stated that she had specifically told Schroeder not to hang out with S because she is only 13 years old. Ms. Hansen stated that Schroeder is well aware of S's age.

Detective Shanks obtained a search warrant for the cell phones that HPD officers had seized from Schroeder upon his arrest on February 13, 2013. Detective Shanks conducted a forensic analysis on Schroeder's phones and found several photos of a female he identified as

S displaying her breasts for the camera. He also noted two pictures of a vagina. The female's face is not in these pictures, but in each picture the female is wearing a shirt. Detective Shanks contacted T.S. and asked her about the shirts. T.S. provided two of S's shirts to Detective Shanks that match the shirt in the photos of the vagina.

Detective Shanks also obtained a search warrant for Schroeder's Verizon wireless account. He obtained from Verizon wireless Schroeder's text messages from February 8 through February 12, 2013. Detective Shanks noted a large amount of text messages between S's cell number and Schroeder's cell number indicating they had a sexual relationship. Specifically, Detective Shanks noted the following text exchange which begins in the early evening hours of February 11, 2013:

S: I luv u babe

Schroeder: Luv u to so where r we goin to do this tonight

S: Well lets figure it out now

Schroeder: Yep

S: So barn ?

Schroeder: Or car

S: Ya

Schroeder:  What

S:  Car

S:  Hello

Schroeder:  Why

S:  Cause idk where do you want to go?

Schroeder:  Dont matter

S:  Car then not in the barn

Schroeder:  Why car then just asking

S:  Warm idk seems better then in a cold barn

Schroeder:  How about a hotel room

S:  If you want

S:  Ya if you want to

Schroeder:  How long can u leave for without no one knowing

S:  About 7 am

Schroeder:  Really u sure

S:  Yes positive

Schroeder:  Ok so

S:  So what babe?

Schroeder:  What time does your grandma leave

S:  315

Schroeder:  Any later than that

S:  No I spy on her and the time its either that or 320

Schroeder:  Ok text me when she leaves

S:  I will I always do

Schroeder:  K so what r we doin then

S:  Well lets figured it out now

Schroeder:  U chose

S:  No both of us chose

Schroeder:  U first

S:  Ok um blow you

Schroeder: No not that where r we goin to

S:  Hotel room?

Schroeder:  Ok what hotel

S:  Idk you chose

Schroeder:  Ok motel 6

S:  Ya

Schroeder:  K

Schroeder:  R u sure theres not a day your grandma dont work

S:  O she will get home at 730 tomorrow

Schroeder:  K in the morning

S:  Ya

Schroeder:  K

S:  So what do you want to do there?

Schroeder:  U

S:  O really for real?

Schroeder:  Well goin to get a room now

S:  K

Schroeder:  U will come with me

S:  To the room late ?

Schroeder:  Yep

S:  Ya

Schroeder:  K getting it then now u sure she is goin to work

S:  Yes positive

Schroeder:  Ok then goin to get it now

S:  K

Schroeder:  U just cost me 45$

S:  Sorry

Schroeder:  Its fine its on now

S:  What?

Schroeder:  Us doin this

S:  Ya

Schroeder:  If we do anything sex wise wearing like 10 condoms

S:  K

Schroeder:  Your grandma took any days off since u been there

S:  No she won't

Schroeder:  Why

S:  Because she loves working

Schroeder:  Yeah just bought something

S:  What?

Schroeder:  It stops u from geting pregant

S:  Ok

Schroeder:  So what do u say about that

S:  I like that you did that

S:  Hello

Schroeder:  K good for us

S:  Ya

Schroeder:  Cool meet me on the main road

S:  Ok thats a long wall

S:  Ok thats a long walk

Schroeder:  No its not

S:  In the dark it is

Schroeder:  No right by bills camper that road that takes u out

S:  K

Schroeder:  U know where at now

S:  Yes

Schroeder:  K the road on the other side of his camper

S:  Ya I know

Schroeder:  K

S:  I'm happy now

Schroeder:  Why

S:  S get to be alone with you

S: I get to be alone with you

Schroeder:  Yep

S:  We can kiss without people seeing us

Schroeder:  Ya

Schroeder:  Cool

S: :)  I luv u so much

Schroeder:  Luv u

S:  I know so what all do you want to do?

Schroeder:  Fuck etc

S:  Tell me all of what you want to do babe

Schroeder:  Why

S:  Just want to know thats all

Schroeder:  U will

S:  Ok

Schroeder:  Fuck for sure

S:  Ya

[exchanges redacted for brevity]

Schroeder:  K text me when she leaves

[exchanges redacted for brevity]

S:  She is getting up

[exchanges redacted for brevity]

S:  Are you up?

Schroeder:  Yeah i am

S:  K how are you doing?

Schroeder:  Tired but awake

S:  Me to

Schroeder:  Not tired enough though to c u

S:  Me to babe

Schroeder:  K she is getting ready

S:  Ya she just got out the shower

Schroeder:  K

S:  K I luv u

Schroeder:  Luv u to be there soon as she leaves

S:  K she woke up late so she will leave a little later about 5 minutes late

Schroeder:  What time

S:  About 325 I will tell you when she leaves

Schroeder:  K honey

S:  Miss you so much

Schroeder:  U will c me in like 30 min

S:  I know I'm excited

Schroeder:  K good

S:  Ya are you?

Schroeder:  Very much its u duh

S:  Ya

Schroeder:  Fuck yeah not even goin to pull on to your grandmas road  just meet me at the driveway right when u get ready to pull in

S:  K

S: Ok

S:  I'm so happy I get to see you

Schroeder:  U r good me to

S: Ya

Schroeder:  She start her car yet

S:  Yes

Schroeder:  Ok good she dont know u r awake

S:  Yw

S:  Ya

Schroeder:  K

S:  She is leaving

Schroeder:  Meet me right on the main road not the dirt road

Schroeder:  K

S: K

Schroeder:  Should i leave now

S:  Yes

Schroeder:  K on my way be at the main road waiting

S:  Ok tell me when your close then

Schroeder:  K

S: K

S:  You almost here yet?

Schroeder:  Yeah go there now

S:  K

[This last message was at 3:37 a.m. on February 12, 2013.  The next message starts a little over two hours later at 5:59 a.m. on February 12, 2013]

S:  You ripped my muscle a little bit

Schroeder:  What r u talking about

S:  Like my you know there is muscle down there it ripped a little from it being my first time.

Schroeder:  U sure

S:  Yes have mirror looking at it

Schroeder:  Ok

S:  Ya no worries it will go awayw

Schroeder:  When

S:  Like it will in an hour

Schroeder: O u sure u didnt get pregant

S:  Yes

Schroeder:  Ok 4 was enough

S:  Ya

[messages redacted for brevity]

S:  I'm so happy

Schroeder:  Why

S:  Because I got to have alone time with you

Schroeder:  And u what

S:  Had fun

Schroeder:  And got

S:  Laid

Schroeder:  And how did that go for u

S:  I liked it

Schroeder:  U should of blowed me way longer

S: Sorry

Schroeder: Did u like that or no

S: Yes

S: I did like it a lot

Schroeder: Longer next time . . . .

On February 14, 2013, S participated in a forensic interview. She acknowledged that she and Schroeder had sexual intercourse on February 13, 2013, at a Motel 6, but claimed that he held her down and that she said "no" multiple times. She also denied any previous sexual contact with Schroeder, which is inconsistent with the text conversation outlined above that indicates they had sex for the first time on February 12, 2013. She did acknowledge, however, that she and Schroeder had been texting in the previous days and that there had been some "sex talk." She also acknowledged that in the previous few months Schroeder had asked her for pictures of her "boobs and vagina" and she had sent those pictures to him using her phone.

On April 10, 2013, the State conducted a second forensic interview with S to discuss the text messages and photos that had been found. S was very emotional. She confirmed the photos found on Schroeder's

phone were of her. She denied remembering details of the text messages, but confirmed that during the February 8 through February 13, 2013, timeframe she had exclusive possession of her phone.

## APPLICABLE LEGAL STANDARDS

Federal Rule of Criminal Procure 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Rule 7(f) provides that "[t] court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The decision to grant a motion for a bill of particulars is left within the "very broad discretion" of the court. *Will v. United States*, 389 U.S. 90, 99 (1967).

## ARGUMENT

The Defendant's motion for a bill of particulars appears to rest on his failure to find in discovery where the Defendant used a means of interstate commerce to make a "concrete expression" of his desire to have sex with the victim. (Opposed Motion for bill of Particulars,

Dkt. No. 12 at 3.) The Defendant seeks to use his motion for a bill of particulars to compel the Government to detail what evidence the United States plans to offer to support the indictment. *Id.* at 5.

The Court should deny this motion. The purpose of a bill of particulars is to provide the defendant with sufficient detail to prepare for trial, to avoid or minimize the danger of surprise or prejudice at trial, and to enable him to plead double jeopardy in a subsequent prosecution. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991). "These purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) (internal citations omitted). In fact, full discovery can obviate the need for a bill of particulars. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

The Indictment filed in this case, combined with the discovery provided thus far, is sufficient to allow the defendant to prepare for trial and avoid unfair surprise or prejudice at trial. The Defendant is charged in Count I with using a cellular telephone to persuade, induce, entice coerce and attempt to persuade, induce, entice, and coerce "S" to

engage in sexual activity between February 8, 2013 and February 13, 2013. The Government provided in discovery the Defendant's cell phone text messages for the dates February 8, 2013 through February 12, 2013. As outlined above, these records show that the Defendant used a cell phone to arrange to meet the victim in a hotel room in the early morning hours of February 12, 2013. When she texted him what "all he wanted to do," Schroeder responded by text that he wanted to "Fuck, etc." and "Fuck for sure." The Defendant then used his cell phone to arrange to sneak her out of her house, pick her up, and take her to the hotel room. The subsequent text exchanges make it clear they went to the hotel and had sexual intercourse.

This text message exchange provides the defendant with sufficient notice as to the types of "concrete expression[s]" of the Defendant's intent to persuade, induce, entice or coerce this 13 year old girl to have sex in violation of 18 U.S.C. 2422(b). The Ninth Circuit has held that analogous factual circumstances provide sufficient evidence to support a guilty verdict on this charge. *See e.g. United States v. Goetzke*, 494 F.3d 1231 (9th Cir. 2007). Goetzke was charged with a violation of 18 U.S.C. 2422(b) for exchanging written letters with a 10 year old boy in

Louisiana where he "flattered him, described the sex acts that Goetzke wanted to perform on him, and encouraged him to return to Montana." *Goetzke*, 494 F.3d at 1236. The court held that "[t]hose acts both advanced and verified the existence of Goetzke's purpose to persuade W to Engage in sexual activity with him." *Id*.

Similarly, the defendant in this case has exchanged text messages with a 13 year old girl where he flatters her, describes sex acts he wants to perform on her, and encourages her to meet sneak out of her house and go to a hotel with him. These text messages both advance and verify his intent to persuade, induce, entice or coerce S to engage in sexual activity with him.

## CONCLUSION

This Court should deny the Defendant's motion in light of the fact that the indictment and discovery in this case provide the defendant

/ / /

/ / /

/ / /

/ / /

/ / /

with sufficient details of his charges in order to enable him to prepare for trial. A bill of particulars is unnecessary.

DATED this 5th day of June, 2013.

MICHAEL W. COTTER
United States Attorney

/s/ *Ole Olson*
Special Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

I certify that this Response is in compliance with Local Rule 7.1(d)(2) (as amended) and CR 12.1(e). The brief's line spacing is double spaced, with a 14 point font size and contains 2,976 words, excluding caption and Certificates of Service and Compliance.

DATED this 5th day of June, 2013.

/s/ *Ole Olson*
Special Assistant U.S. Attorney