OLE OLSON
Special Assistant U.S. Attorney
P.O. Box 201401
Helena, MT 59626-1401
Phone: (406) 444-2026
FAX:    (406) 444-3549
EMAIL: oolson@mt.gov

JOSEPH E. THAGGARD
Assistant U.S. Attorney
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX:    (406) 457-5130
EMAIL: joseph.thaggard@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
JUN 17 2013
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 13-09-H-DLC |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| WILLIAM FREDRICK SCHROEDER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Ole Olson, Special Assistant United States Attorney for the District of Montana, and the Defendant, William Fredrick Schroeder, and his attorney, Michael Donahoe, have agreed upon the following:

**1. Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the Defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2. Charges:** The Defendant agrees to plead guilty to Count II of the indictment, which charges the crime of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). This offense carries a mandatory minimum term of five years imprisonment and a maximum term of 20 years imprisonment, a $250,000 fine, a term of five years to lifetime supervised release, and a $100 special assessment.

*[Signed: AUSA, WFS, MD   6-17-13]*

Restitution is mandatory. The Defendant also concedes to forfeiture of the items identified in the indictment as property subject to forfeiture.

At the time of sentencing, the United States will move to dismiss Count I of this indictment if the Court accepts this plea agreement and imposes the sentence jointly recommended by the parties below.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (C), *Federal Rules of Criminal Procedure*. With respect to Rule 11(c)(1)(A), the Defendant acknowledges that portion of the plea agreement will be fulfilled provided the government moves to dismiss Count I of the indictment and the Court agrees to dismiss Count I. The Defendant understands the Government is not bound to dismiss Count I if the Court does not accept the plea agreement or does not impose the sentence jointly recommended by the parties.

With respect to Rule 11(c)(1)(C), the Defendant and the United States agree that a specific disposition of 96 months imprisonment, to be followed by a term of supervised release of five years up to the life of

the Defendant, and the imposition of a $100.00 special assessment is appropriate in this case. The parties have no other agreement, such as the imposition of a fine, as to the appropriate disposition of this matter. The Defendant understands that, if the agreement is accepted by the Court, he will not have an automatic right to withdraw his plea. See, Rule 11(d)(2)(A), *Federal Rules of Criminal Procedure*. If the Court rejects the agreement pursuant to Rule 11(c)(5), *Federal Rules of Criminal Procedure*, the Defendant will be able to withdraw his plea and the parties will proceed to trial on both Counts I and II of the indictment.

4.  **Admission of Guilt:** The Defendant will plead guilty because the Defendant is in fact guilty of the charge contained in Count II of the indictment. In pleading guilty, the Defendant acknowledges that:

First, the Defendant knowingly received a visual depiction using any means or facility of interstate or foreign commerce, including a cell phone; and

Second, the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct; and

Third, the visual depiction was of a minor engaged in sexually explicit conduct; and

Fourth, the Defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the Defendant knew at least one of the persons engaged in the sexually explicit conduct in such visual depiction was a minor–that is, a person under the age of 18 years.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement that the Defendant gives under oath during plea colloquy.

(b) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The

government must also consent and the court must approve a non-jury trial.

(d) The Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The Defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the



| BS | WFS | AY | 6-12-13 |
|---|---|---|---|
| AUSA | WFS | MD | Date |

6

evidence, whether or not he was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the Defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review

to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

(j) The Defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The Defendant understands that by pleading guilty pursuant to this agreement, Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

**6. Recommendations:** The United States will recommend the Defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility. The Defendant understands that the Court is not bound by this recommendation.

|  AUSA  |  WFS  |  MD  |  Date  |
|---|---|---|---|
|         |       |      | 6-17-13 |

7. **Stipulation as to Disposition:**

The United States and the Defendant stipulate and agree that a sentence of 96 months imprisonment, to be followed by a term of supervised release of five years up to the life of the Defendant, and the imposition of a $100.00 special assessment, is appropriate in this case. By this stipulation, the Defendant agrees not to ask for a sentence of less than 96 months imprisonment, to be followed by a term of supervised release of five years up to the life of the Defendant, and the imposition of a $100.00 special assessment, and the United States agrees not to request a sentence of more than 96 months imprisonment, to be followed by a term of supervised release of five years up to the life of the Defendant, and the imposition of a $100.00 special assessment.

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9. **Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations


AUSA   WFS   MD   Date

9

have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

### 10. Mutual Waiver of Appeal:

In consideration of the concessions made by each party herein, if the Court accepts the plea agreement, dismisses Count I, and imposes the sentence recommended by the parties, the Defendant and the government waive any and all right they have to appeal the sentence imposed by the Court. In consideration for the concessions made by the government in this agreement, the Defendant also waives any and all right he may have under 28 U.S.C. § 2255 to challenge his conviction or sentence or both both his conviction and sentence.

### 11. Detention/Release After Plea:

Pursuant to 18 U.S.C. § 3143(a)(2), the Defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed *and* (B) the Court finds, by clear and convincing evidence, that he is not likely

|  |  |  | 6-17-13 |
|---|---|---|---|
| AUSA | WFS | MD | Date |

to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the Defendant may be released upon conditions.

## 12. Sexual Offender Requirements and Agreement to Comply:

The Defendant will register, as required by law, as a sexual offender. The Defendant agrees to have no contact with minor children (except his own children) except when other adults are present. The Defendant and the United States stipulate and agree, if the Court accepts this agreement, that the terms outlined in this provision will be made a part of the judgment in this case.

## 13. Megan's Law/Adam Walsh Act Notice:

The Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep his registration current in each of the following jurisdictions: the Defendant's residence, the location of the Defendant's employment, and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the

| ZS | WFS | AG | 6/17/13 |
|----|-----|----|---------|
| AUSA | WFS | MD | Date |

11

Defendant provide information that includes his name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or student. The Defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

14. **Disclosure of Financial Information:**

The Defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the Defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the Defendant through its investigation. The Defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed

appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant consents to being immediately placed on the Treasury Offset Program to help meet the Defendant's obligation to pay restitution and/or a fine.

**15. Breach:** If the Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

**16. Entire Agreement:** Any statements or representations made by the United States, the Defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly**

|  |  |  |  |
|---|---|---|---|
| AUSA | WFS | MD | Date 6-17-13 |

stated as part of this plea agreement is not to be considered part of the agreement.

        MICHAEL W. COTTER
        United States Attorney

*for* OLE OLSON
Special Assistant U. S. Attorney

WILLIAM FREDRICK SCHROEDER
Defendant

MICHAEL DONAHOE
*for* Defense Counsel